```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE HOWITHI,                        :
                    Petitioner,      :    06 Civ. 3162 (BSJ)(MHD)
                                     :    ORDER
          v.                         :
                                     :
BRION D. TRAVIS,                     :
                    Respondent.      :
------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the Objections of Petitioner Jose Howithi ("Howithi") to the Report and Recommendation ("R&R") of Magistrate Judge Michael H. Dolinger recommending the denial of Howithi's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. With respect to those findings in the R&R to which Howithi does not object, I hereby confirm and adopt the R&R, having been satisfied that there is no clear error on the face of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). With respect to those findings in the R&R to which objection is made, the Court has reviewed the Petition and the underlying record de novo. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). For the following reasons, the Court adopts the R&R, overrules Howithi's Objections, and DENIES the Petition.

### BACKGROUND AND PROCEDURAL HISTORY

On August 18, 1980, Howithi was convicted following a jury trial of Murder in the Second Degree, N.Y. Penal Law § 125.25,

1

and Manslaughter in the First Degree, N.Y. Penal Law § 125.20 and sentenced to two concurrent, indeterminate prison terms of twenty-five years to life and eight and one-third to twenty-five years, respectively. The Appellate Division affirmed his conviction. See People v. Howithi, 455 N.Y.S.2d 688 (N.Y. App. Div. 1982) (table). The Court of Appeals subsequently denied Howithi's request for leave to appeal. See People v. Howithi, 447 N.E.2d 93 (N.Y. 1983) (table).

On June 11, 2003, Howithi appeared for the first time before the New York State Parole Board (the "Parole Board"). On June 16, 2003, the Parole Board denied Howithi's request to be released to parole supervision. Howithi appealed the decision, first to the Appeals Unit of the Parole Board and then in an Article 76 Petition in New York State court.

After exhausting his state court claims, Howithi filed the instant Petition for habeas corpus on November 2, 2005.[1] In the Petition and related filings, Howithi claims that (1) the Parole Board violated his due process rights by improperly denying him the right to be heard; (2) the Parole Board's denial of parole was arbitrary, capricious, and unreasonable, because it improperly relied on the seriousness of his crime and failed to

---

[1] Howithi filed an Amended Petition on May 24, 2006.

The original Petition was entered on the district court docket on April 25, 2006. However, a date stamp on the Petition indicates that it was received by the Pro Se Office on November 2, 2005. Accordingly, the Petition is deemed to have been filed on the earlier date.

2

consider his immigration status; (3) the New York State parole statute violated his right to equal protection because it makes violent felony offenders ineligible for conditional parole for deportation only ("CPDO") yet permits non-violent offenders to be eligible for CPDO status; and (4) his rights under Article 36 of the Vienna Convention were violated at the parole hearing.

On May 11, 2009, Magistrate Judge Dolinger issued a thorough R&R recommending the denial of Howithi's Petition. That R&R describes the procedural history and additional facts of this case in some detail.[2] On November 5, 2008, Howithi submitted partial Objections to the R&R.

## LEGAL STANDARD

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see Male Juvenile, 121 F.3d at 38.

## DISCUSSION

Howithi raises three discrete objections to Magistrate Judge Dolinger's Report: (1) the Parole Board violated his due process rights by acting arbitrarily, capriciously, and

---

[2] The Court presumes familiarity with that background, and will not repeat it except where relevant to the analysis set forth here.

unreasonably; (2) the Parole Board erred by improperly considering the severity of his offense and failing to consider his outstanding deportation warrant in denying him parole; and (3) N.Y. Exec. Law. § 259-i(d)(2)(i), which makes violent offenders ineligible for CPDO, violates his right to equal protection.  Each of these objections constitute a rehashing of the same arguments set forth in Howithi's original Petition, and with respect to all the Court agrees with the conclusions of the R&R.

## I.   Actions of the Parole Board

Howithi claims that the Parole Board acted arbitrarily, capriciously, and unreasonably and erred by failing to take the appropriate factors into consideration when evaluating him for parole.  The Court addresses these contentions together.

As the Second Circuit held in <u>Barna v. Travis</u>, "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release."  239 F.3d 169, 171 (2d Cir. 2001).  Therefore, "plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable."  <u>Id.</u>

Because of this, "insofar as any inmate incarcerated in a New York State facility has any liberty interest in parole, that interest extends only to not being denied a petition arbitrarily or capriciously, based on inappropriate consideration of a

4

protected classification or an irrational distinction, or by reason of any other constitutionally unlawful grounds." <u>Manley v. Thomas</u>, 255 F. Supp. 2d 263, 266 (S.D.N.Y. 2003). "Denial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute." <u>Romer v. Travis</u>, No. 03 Civ. 1670, 2003 WL 21744079 (S.D.N.Y. July 29, 2003). On the contrary, "a denial of parole may be justified on the basis of reasonable considerations defined by statute, including the inmate's criminal history and seriousness of the offense for which he is in custody." <u>Manley</u>, 255 F. Supp. 2d at 266; <u>see also</u> N.Y. Exec. Law § 259-I (listing factors for Parole Board to consider, including "the seriousness of the offense" and "any deportation order issued by the federal government against the inmate while in the custody of the department of correctional services").

In the instant case, the Parole Board properly considered all relevant statutory factors. Contrary to Howithi's contention, the Parole Board did inquire about his order of deportation to Panama. (<u>See</u> Fleischmann Decl. Ex. D at 15.) However, noting the extreme nature of Howithi's criminal conduct, the Parole Board determined in its discretion that he was not a good candidate for parole at the time of the 2003 hearing. (<u>See</u> <u>id.</u> Ex. E.) Where it is clear that the Parole Board properly considered the relevant statutory factors before

reaching a discretionary decision to deny release on parole, it is appropriate for the Board to base its conclusion primarily on the serious and violent nature of the crime. See Blackett v. Thomas, 293 F. Supp. 2d 317, 320 (S.D.N.Y. 2003).

Accordingly, I find that the Parole Board was not arbitrary, capricious, or unreasonable in its decision-making, nor did it take improper factors into consideration, and thus DENY Howithi's Petition for habeas relief on these grounds.

## II.  Equal Protection Claim

Magistrate Judge Dolinger properly determined that Howithi's equal protection rights were not violated. To prevail on an equal protection claim, a petitioner must prove that: "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Giordano v. City of New York, 274 F.3d 740, 750-51 (2d Cir. 2001) (internal quotations omitted).

In order to prevail on such a claim, Howithi would have to demonstrate that "violent felony offenders are similarly situated to nonviolent offenders, a proposition which . . . has been soundly rejected by the courts." Farid v. Bouey, 554 F. Supp. 2d 301, 322 (N.D.N.Y. 2008). In fact, as many courts have

6

recognized, distinguishing between these two groups, for purposes of parole determinations, is "entirely appropriate and not at all invidious." Parks v. Edwards, No. 03 Civ. 5588, 2004 WL 377658, at *4 (E.D.N.Y. Mar. 1, 2004)

Accordingly, after reviewing the record, the Court concludes that Howithi has not shown that the denial of his parole application was based on any constitutionally impermissible considerations, and thus finds that his claim does not merit habeas relief.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R of Magistrate Judge Dolinger in its entirety and DENIES Howithi's Petition for a Writ of Habeas Corpus.  Because Howithi has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         April 22, 2010